UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
_____

| | |
|---|---|
| In re: | Chapter 7 |
| SOL ANGELA GARCIA, | |
|     Debtor. | Case No. 13-14788-RBR |
| _____ | |
| KURT WOLFSGRUBER, AN INDIVIDUAL, | |
|     Plaintiff, | Adversary Proceeding No. |
| -against- | |
| SOL ANGELA GARCIA, AN INDIVIDUAL | |
|     Defendant. | |
| _____ | |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE**

Plaintiff-Creditor Kurt Wolfsgruber, files this Complaint against Defendant-Debtor Sol Angela Garcia (the "Debtor"), objecting to the debtor's discharge, and for a determination of dischargeability, and in support respectfully alleges:

**JURISDICTION**

1. On March 6, 2013, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida.

2. On April 8, 2013, the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the

Debtor's discharge or to determine dischargeability of a debt expires under Bankruptcy Rule 4007(c) 60 days after the first date set for the meeting of creditors under §341(a). That meeting was held on April 8, 2013. This Complaint must be filed by June 7, 2013.

5. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to plaintiff under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 727.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8. Plaintiff is an individual who was the former brother in law of the Debtor before Debtor's divorce petition was granted. Plaintiff lives at 210 Discovery Ridge Terrace, SW, Clagery Alberta, Canada, T3H5T6.

9. Plaintiff is a judgment creditor of the Debtor.

10. Defendant is the Debtor in the above-captioned case and at all relevant times has resided at 11111 NW 17 Place, Pompano Beach, FL 33071.

## $83,411.44 IN CURRENCY TRANSFER FRAUD

11. On August 22, 2008, Mr. Wolfsgruber wired $170,000.00 USD to Debtor. The money was transferred after Debtor convinced Mr. Wolfsgruber that she would transfer the entire sum to Venezuelan Bolivars. The Venezueland Bolivars were to be retrieved by Mr. Wolfsgruber's wife and Mr. Wolfsgruber's elderly mother in law and father in law,

who were residing in Venezuela at the time.

12. Only $86,588.86 was actually transferred, and Debtor retained the remaining $83,411.44.

13. Mr. Wolfsgruber pursued Debtor in the 17th Circuit Court in and for Broward County, Florida. Debtor was represented by counsel up until the trial. Debtor defended the case alleging the monies were a gift in her Answer and Affirmative Defenses, and testified at the trial explaining that the monies were actually transferred to Mr. Wolfsgruber's wife. However Debtor was unable to document or produce records of the transfers of the remaining $83,411.44, and on January 22, 2013, the Circuit Court entered a judgment in favor of Mr. Wolfsgruber and against the Debtor for $83,411.44.

## DEBTOR'S BUSINESS "FLIPPING" PROPERTIES

14. Debtor is a real estate agent. After receiving the $83,411.44, Debtor purchased two investment properties with her sister, Antionetta Garcia. The first property was located at 1103 Coral Club Drive, 1103, Coral Springs, FL, on September 29, 2009, for $70,000.00 and sold on March 9, 2012, for $80,000.00. Debtor's bank statements disclosed in the divorce demonstrated that between $800 and $1300 a month was earned from the property. The income generated by this property was not listed on debtor's Statement of Financial Affairs, nor was the bank account held jointly with Debtor's sister included in Schedule B-Personal Property. When questioned about this bank account at the 341 Meeting of Creditors, Debtor admitted the account was not included, and the trustee requested she amend her schedules to include this account. To date no amendment has been filed.

15. Debtor also purchased 833 Riverside Drive, Coral Springs, FL, Unit 837, on

2/16/2011, for $42,000.00 with her sister Antionetta Garcia. That property was sold on March 10, 2011, for $58,000.00. Debtor failed to list income derived from this purchase and sale on the Statement of Financial Affairs.

16. It is Kurt Wolfsgruber's belief the fraudulently obtained monies taken by Debtor were used for the purchase of these two properties.

17. Debtor reflected a debt owed to Mr. Wolfsgruber on her financial disclosures of her divorce as a liability. As a result of representing the debt owed to Mr. Wolfsgruber as a marital debt, Debtor received an additional $27,800.00 in a cash settlement from her divorce, and essentially filed her petition for a Chapter 7 discharge to extinguish her obligation to repay Mr. Wolfsgruber's judgment.

18. Debtor's schedules fail to reflect what "business" she was involved in to incur the "business debt" she claims is subject to discharge on her Schedule F. Additionally, Debtor's tax returns fail to reflect what "business" she was involved in when she incurred this debt to Mr. Wolfsgruber, fail to show income for the monies, or otherwise reflect what business entity in which Debtor was involved to incur the debt.

## COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

19. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of this Complaint as if set forth at length herein.

20. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual

>debtor from any debt--
>
>(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
>
>(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

21. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

## COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of this Complaint as if set forth at length herein.

23. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

>(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
>. . .
>
>(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

24. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against

the Debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT III -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

25. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of this Complaint as if set forth at length herein.

26. Bankruptcy Code § § 727(a)(3) provides that:

> (a) The court shall grant the debtor a discharge, unless
>
> . . .
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

27. The Debtor, in her purchase and resale of the two properties listed above, was using funds of these businesses for personal purposes, and concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

28. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy

Code § 727(a)(3).

## COUNT IV -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of this Complaint as if set forth at length herein.

30. Bankruptcy Code § 727(a)(4)(A) provides that:

> (a) The court shall grant the debtor a discharge, unless ---
>
> (4) the debtor knowingly and fraudulently, in or in
>
> connection with the case --
>
> (A) made a false oath or account

31. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that she failed to represent in the Statement of Financial Affairs attached to her Petition that his income from employment or operation of business in 2011 and 2012, included any rental income or profits from "flipping" the two listed properties.

32. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that she represented in the Statement of Financial Affairs attached to her Petition that his income from employment or operation of business in 2011 was $37,943.00 "IRS Tax Return" and in 2010 was $27,879.00 "Joint IRS Tax Return" when in fact his actual income was much greater.

33. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that she failed in the Statement of Financial Affairs attached to his Petition to provide required information about the nature, names, taxpayer

identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full or part-time within two years immediately preceding the commencement of the case.

34. By virtue of the Debtor's false representations and omissions, and the oath she took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of plaintiff against the Debtor on January 22, 2013, for $82,618.00, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A), and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 26, 2013

James R. Dunn
Attorney for Kurt Wolfsgruber
200 SE 6th Street, Suite 402
Fort Lauderdale, FL 33301
Telephone: 305.741.3866
eFax: 916.252.3866
James@AttorneyJamesDunn.Com
By:____/s/_____
James R. Dunn
FBN 40950