Form CGFI19  (11/22/11)



**ORDERED in the Southern District of Florida on April 29, 2013**

Raymond B Ray
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

In re:

**Name of Debtor(s):**  Sol Angela Garcia                              **Case Number:** 13–14788–RBR

_____/

**Kurt Wolfsgruber**

Plaintiff(s)

**VS.**                                                                                        **Adversary Number:** 13–01349–RBR

**Sol Angela Garcia**

Defendant(s)

_____/

### ORDER SETTING FILING AND DISCLOSURE REQUIREMENTS
### FOR PRETRIAL AND TRIAL

    To expedite and facilitate the trial of this adversary proceeding, it is:

**ORDERED** as follows:

1(a).  **RIGHT TO JURY TRIAL; WAIVER.** Unless each party has timely filed a statement of consent under Local Rule 9015–1(B), not later than ten (10) days before the date first set for the pretrial conference in the summons each party requesting a jury trial on any issue in this proceeding shall file with this court pursuant to Local Rule 5011–1 a motion for withdrawal of the reference. FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.

*Page 1 of 5*

(b). **OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT; CONSENT.** Not later than ten (10) days before the date first set for the pretrial conference in the summons each party objecting to the entry of final orders or judgments by this court on any issue in this proceeding, whether or not designated as "core" under 28 U.S.C. §157(b), shall file with this court a motion requesting that this court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this court. Any such motion shall be treated as an objection to the entry of final orders or judgments by this court. FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING. Nothing in this paragraph limits this court's ability to determine sua sponte whether this proceeding is a core proceeding under 28 U.S.C. §157(b)(3) or otherwise subject to entry of final orders or judgments by this court.

2. **DISCLOSURES.** Except as otherwise ordered by the court, Rules 26(d)(1) and 26(f), Fed.R.Civ.P., shall not apply to this adversary proceeding. The disclosure requirements of Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall apply, but according to the following deadlines:

    a. The initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least thirty (30) days before the pretrial conference.

    b. The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made (i) at least twenty (20) days before the pretrial conference or (ii) within ten (10) days after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness shall, within ten (10) days of the disclosure, but in no event less than five (5) days before the pretrial conference, provide to each opposing party a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

    c. The pretrial disclosures under Rule 26(a)(3)(A), Fed.R.Civ.P., shall be made no later than the pretrial conference.

    d. All disclosures under Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, shall be filed with the court.

3. **DISCOVERY.** All discovery shall be completed not later than ten (10) days before the pretrial conference. The court will allow discovery after that date only upon a showing of good cause.

4. **JOINT PRETRIAL STIPULATION.** If <u>any</u> party is not represented by counsel in this proceeding, this paragraph shall not apply. All parties to this proceeding shall meet not later than ten (10) days prior to the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff shall file the fully executed Joint Pretrial Stipulation no later than one (1) business day prior to the pretrial conference. The court will not accept unilateral statements and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt for failure to comply with this order.

5. **TRIAL DATE.** At the pretrial conference, the court will set the trial of this proceeding.

6. **SPECIAL SETTINGS.** If the attorney(s) trying the case are from outside this district, or the parties or witnesses are from outside this district, or if some other reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel shall request appropriate relief at the pretrial conference.

7. **DOCUMENTS REQUIRED BEFORE TRIAL.**

    a. Each party shall deliver to each opposing party (but not file), so as to be received no later than 4:00 p.m. four (4) business days prior to the pretrial conference, the following documents:

        (1) A set of pre-marked exhibits (including summaries) intended to be offered as evidence at trial. Exhibits tendered by plaintiff(s) shall be marked numerically, and exhibits tendered by defendant(s) shall be marked alphabetically. Exhibits shall be bound in one or more notebooks or contained in one or more folders, with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49.

        (2) With regard to any summary the party will offer in evidence at trial, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

    b. Unless otherwise ordered, each party shall file and deliver, so as to be received no later than 4:00 p.m. two (2) business days prior to the pretrial conference, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the court for good cause.</u>

8. **SWORN DECLARATIONS.** At each party's option, the direct testimony of any witness, except adverse, hostile, or rebuttal witnesses, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at trial. If a party offers a sworn declaration in lieu of direct testimony:

    a. The statement shall substantially conform to Local Form 63B and shall be signed by the declarant under penalty of perjury;

    b. Each statement of fact shall be separate, shall be sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements;

    c. The statement may be referenced as the witness's "sworn declaration of fact;"

    d. The original sworn declaration of fact shall be marked as a proposed exhibit and filed and served as otherwise required by this order;

    e. Objections to any portion of a sworn declaration of fact may be raised at the time the sworn declaration of fact is offered to the court. The witness shall then be sworn and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Opposing counsel may then cross–examine the witness. At the conclusion of cross–examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

    f. The court may require that direct testimony be provided in the usual manner during trial even if a sworn declaration of fact is offered.

9. **FINAL ARGUMENT.** At the conclusion of the trial, in lieu of final argument, the court may request that each party submit (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment, in word processing format, to an electronic mailbox designated by the court. The filer must include in the "subject" line the case name and number and the date of the relevant hearing.

10. **DISPOSITIVE MOTIONS.** All motions to dismiss and motions for summary judgment shall be filed and served not later than ten (10) days before the pretrial conference and shall comply with Local Rule 7056–1, if applicable. Absent good cause, failure to file and serve such a motion in a timely manner shall constitute waiver of the right to do so. Absent prior permission of the Court, no party shall file any motion to dismiss, motion for summary judgment, or response thereto, exceeding twenty (20) pages in length, and no party shall file any reply exceeding ten (10) pages in length. Title pages preceding the first page of text, signature pages, and certificates of service shall not be counted as pages for purposes of this paragraph.

    If a party submits affidavits, declarations, or other materials in support of or in opposition to a motion for summary judgment, then: (A) the movant must serve with the motion all such materials; and (B) the opposing party must serve with the response all such materials in opposition to the motion. Any reply shall be strictly limited to rebuttal of matters raised in the response. Absent prior permission of the Court, in connection with any motion for summary judgment no party shall file affidavits or declarations that exceed twenty (20) pages in the aggregate.

11. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the court must comply with the federal judiciary privacy policy as referenced under LR 5005–1(A)(2).

12. **MEDIATION.** Pursuant to Local Rule 9019–2, the court may order the assignment of this proceeding to mediation at the pretrial conference or at any other time, upon the request of a party or upon the court's own motion.

13. **SETTLEMENT.** If the proceeding is settled, the parties shall submit to the court a stipulation or proposed judgment approved by all parties prior to the date of trial. If a judgment or stipulation is not submitted to the court, all parties shall be prepared to go to trial. If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will not be reset for trial if the parties fail to consummate the settlement. In such event, the court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the court did not approve the settlement, in which case the matter will be reset for trial at a later date.

14. **DEFAULT.** If any defendant fails to answer or otherwise respond to the complaint in a timely manner, the plaintiff(s) shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055–1, and shall move for default judgment. Unless judgment has been entered or the court advises the plaintiff(s) that the pretrial conference has been continued or canceled, the plaintiff(s) shall appear at the pretrial conference.

15. **SANCTIONS.** Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

16. **CONTINUANCES.** Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order shall set forth the status of discovery, including exchange of disclosures required under this order, and shall state the reasons why the party or parties seek a continuance.

17. **SERVICE.** Plaintiff(s)' counsel shall serve a copy of this order on the defendant(s) with the summons and complaint.

###

A copy of this order was furnished to James R Dunn on behalf of the Plaintiff on April 29, 2013.

By: Amelia Rodriguez
Deputy Clerk

*Page 5 of 5*