## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

SOL GARCIA,                                    CASE NO. 13-14788-RBR
                                               CHAPTER 7

      Debtor.
_____/

KURT WOLFGRUBER

                                               ADV. NO.: 13-01349-RBR

      Plaintiff,

v.

SOL GARCIA,

      Defendants.
_____/

## MOTION TO DISMISS

Defendant, Sol Garcia ("Garcia" or the "Defendant"), moves the Court, pursuant to Rule 7012, Federal Rules of Bankruptcy Procedure, for dismissal of the adversary complaint (the "Complaint") filed by Kurt Wolfsgruber (the "Plaintiff"), and in support of the motion states:

1. On March 6, 2013, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida.

2. Plaintiff subsequently filed this adversary proceeding, objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A), and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff pursuant to §§ 523(a)(2)(A), 523(a)(4), 523(a)(6).

3.      Plaintiff failed to plead fraud with the particularity necessary under Rule 9(b), Federal Rules of Civil Procedure. Notably, the serious nature of the allegations requires that the movant plead more than conclusory allegations.

4.      Rule 7009(b), Federal Rules of Bankruptcy Procedure, states that all averments of fraud shall be stated with particularity. To satisfy the fraud particularity requirement of Bankruptcy Rule 7009(b), the plaintiff must allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. A satisfactory explanation includes (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis for which an inference of fraud may be drawn. *In re Perez*, 155 B.R. 844, 849-850 (Bankr. E.D. NY 1993); see also *In re Damas*, 150 B.R. 323, 328 (Bankr. S.D. NY 1993).

5.      Plaintiff has likewise failed to allege fraudulent intent with the specificity required to state a cause of action under § 523(a)(4) for embezzlement or larceny. *See In re Lanny F. Wiles*, 166 B. R. 975 (Bankr. M.D Fla. 1994) (Embezzlement defined for purposes of § 523(a)(4) as fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come .... Larceny defined as fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to use without consent of the owner).

6.      Plaintiffs § 523(a)(6) count should also be dismissed as the complaint does not allege conduct of the sort encompassed by that exception. *See In re Nofzinger*, 361 B. R. 236 (Bankr. M.D. Fla. 2006); *In re Walker*, 48 F.3d 1161, 1165 (11th Cir. 1995). There are no allegations that Garcia intended the actual injury alleged by Plaintiffs.

7.    Plaintiffs essentially argue that Garcia breached fiduciary duties to Plaintiff by taking funds for her personal use. Even if that were true (which it is not), that argument and the allegations relating to it alone do not fall within the parameters of § 523(a)(6).

8.    The nature of the underlying debt determines dischargeability. In this case, the underlying debt allegedly owed to Plaintiffs is dischargeable. Plaintiffs cannot convert an otherwise dischargeable debt into a non-dischargeable debt by filing a § 523(a)(6) claim based on an alleged breach of fiduciary duty and general allegations that she took funds for her personal use.

9.    As to the objection to discharge, Plaintiff first seeks denial of discharge pursuant to § 727(a)(3). Other than reciting the text of the statute, and making the bald assertion that the Debtor did not comply, the Plaintiff fails to list any allegations which would provide adequate notice to the Debtor of her alleged non-compliance with the statute such that she could adequately answer the Complaint.

10.    The Plaintiff next seeks denial of discharge pursuant to § 727(a)(4)(A). To satisfy subsection (A), the Plaintiff must prove: (1) the Defendant made a statement under oath; (2) that was false; (3) that she knew that the statement was false when she made it; (4) that she fraudulently intended to make the statement; and (5) that the statement materially related to the bankruptcy case. 11 U.S.C. § 727(a)(4)(A); *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir.2000). The Plaintiff does not allege all the elements required, nor does he provide sufficient information to determine the nature of the allegations, other than that "his [sic] actual income was much greater."

11.    In conclusion, "in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Here, the Plaintiff merely states the facts of a pending state-court action, recites the text of the dischargeability statutes and claims that he is entitled to such relief. Simply put, the Debtor requires more information to adequately respond to the Complaint.

WHEREFORE, Sol Garcia requests that the Court (i) enter an order dismissing this adversary proceeding and (ii) grant such other relief as is appropriate..

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for Defendant
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com

By:    /s/ Lawrence E. Pecan
        LAWRENCE E. PECAN
        Florida Bar No. 99086

*Kurt Wolfgruber vs. Sol Angela Garcia*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this 28th day of May, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following by CM/ECF.


James R Dunn on behalf of Plaintiff Kurt Wolfsgruber        James@AttorneyJamesDunn.com

Lawrence E. Pecan on behalf of Defendant Sol Garcia        lpecan@marshallgrant.com


By:   /s/ Lawrence E. Pecan
        LAWRENCE E. PECAN