UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

SOL GARCIA,   CASE NO. 13-14788-RBR
              CHAPTER 7
    Debtor.
_____/

KURT WOLFGRUBER
                                  ADV. NO.: 13-01349-RBR

    Plaintiff,

v.

SOL GARCIA,

    Defendants.
_____/

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Sol Garcia ("Garcia" or the "Defendant"), moves the Court, pursuant to Rule 7012, Federal Rules of Bankruptcy Procedure, for dismissal of the Amended Complaint [D.E. 15] (the "Amended Complaint") filed by Kurt Wolfsgruber (the "Plaintiff"), and in support of the motion states:

1. On March 6, 2013, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida.

2. Plaintiff subsequently filed this adversary proceeding, objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A), and seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff pursuant to §§ 523(a)(2)(A), 523(a)(4), 523(a)(6).

3. On June 18, 2013, following the Debtor's Motion to Dismiss [D.E. 7] and the Plaintiff's response thereto [D.E. 12] the Court held a hearing and entered an Order [D.E. 13] Granting the Motion to Dismiss.

4. Plaintiff subsequently filed this Amended Complaint, objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(4), and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff pursuant to §§ 523(a)(4) and 523(a)(6).

### A. The Complaint is unclear and should be dismissed in its entirety.

5. While the Amended Complaint indeed alleges more details than the original Complaint, most of those details are irrelevant, prolix, unnecessary and confusing.

6. A pleading failing to comply with Rule 8(a)(2) is one that "is both long and complex and fails to state its claims clearly enough for the defendants to know how to defend themselves." *North Carolina v. McGuirt*, 114 F.App'x 555, 558 (4th Cir.2004).

7. Here, many of the allegations mix law and fact. The individual paragraphs are long and confusing, and often reference multiple different allegations or even theories of liability. As such, the Defendant cannot know how to respond adequately to defend herself. Thus, the Complaint should be dismissed in its entirety.

### B. Count I should be dismissed as it is unclear whether it seeks denial of dischargeability under § 523(a)(4) or § 523(a)(2)(A).

8. In its heading, Count I seeks relief pursuant to § 523(a)(4). In paragraph 9, the Plaintiff recites the text of § 523(a)(4). In his prayer for relief, however, the Plaintiff seeks relief pursuant to §523 (a)(2)(a) (*sic*). Because these subsections are similar, and the Amended Complaint is confusing, it is difficult to discern under which subsection the Plaintiff seeks relief. As such, Count I should be dismissed.

### C. Counts I and II fail to plead the allegations with sufficient particularity and should be dismissed.

9. Plaintiff still fails to plead fraud with the particularity necessary under Rule 9(b), Federal Rules of Civil Procedure, as incorporated into Rule 7009(b). Notably, the serious nature of the allegations requires that the movant plead more than conclusory allegations.

> The elements of common law fraud are "1) a false statement of fact, 2) known by the person making the statement to be false at the time it was made, 3) made for the purpose of inducing another to act in reliance thereon, 4) action by the other person in reliance on the correctness of the statement, and 5) resulting damage to the other person." Rule 9(b) of the Federal Rules of Civil Procedure provides that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. According to the Eleventh Circuit, Rule 9(b) may be satisfied if the complaint set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320-21 (S.D. Fla. 2004)

10. Here, the Plaintiff fails meet three of the four requirements. Plaintiff refers to a "series of emails," but does not cite precisely "what statements were made" or "in what documents or oral representations." Plaintiff alleges the communications were made in 2008, but fails to provide "the time and place of *each* such statement." Finally, the Plaintiff merely summarizes some of the contents of the statements, and fails to identify "the manner in which they misled the plaintiff."

11. Additionally, Plaintiff fails to state a § 523 defalcation claim. "A plaintiff asserting non-dischargeability [for defalcation] must prove that the debtor was acting in an

express or statutory trust capacity at the time the alleged fraud or defalcation occurred." *In re Barrett*, 410 B.R. 113, 120 (Bankr. S.D. Fla. 2009) (citing *Shapiro v. Clark (In re Clark)*, 400 B.R. 321, 330 (Bankr.M.D.Fla.2009). Plaintiff fails to allege facts that would show the debtor was acting in an express or statutory trust capacity.

12.     Plaintiff has likewise failed to allege fraudulent intent with the specificity required to state a cause of action under § 523(a)(4) for embezzlement or larceny. *See In re Lanny F. Wiles*, 166 B. R. 975 (Bankr. M.D Fla. 1994) (to prevail on an embezzlement claim, plaintiffs must show that defendants possessed fraudulent intent in appropriating property of another for defendants' personal benefit). Plaintiff's conclusory statement in paragraph 20 that "Defendant's misrepresentations or omissions. . . were made with the intent of deceiving Plaintiff. . ." is insufficient to provide Defendant with notice of the facts supporting such a claim.

13.     Plaintiff's § 523(a)(6) count should also be dismissed as the complaint does not allege conduct of the sort encompassed by that exception. *See In re Nofzinger*, 361 B. R. 236 (Bankr. M.D. Fla. 2006); *In re Walker*, 48 F.3d 1161, 1165 (11th Cir. 1995). Plaintiff alleges no facts, other than the conclusory allegations in paragraph 27, to support that the Defendant intended the actual injury alleged by Plaintiffs. Conclusory allegations of the elements of a claim are insufficient to state a claim which survives a motion to dismiss. *Twombly*, 550 U.S. 544 (2007).

14.     The nature of the underlying debt determines dischargeability. In this case, the underlying debt allegedly owed to Plaintiffs is dischargeable. Plaintiffs cannot convert an otherwise dischargeable debt into a non-dischargeable debt by filing a § 523 claim based on an alleged breach of fiduciary duty and general allegations that she took funds for her personal use. As such, Counts I and II should be dismissed.

**D. Counts I and II are barred by the concept of collateral estoppel.**

15.     "Collateral estoppel treats as final . . . those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [the predecessor to §523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court. *Brown v. Felsen*, 442 U.S. 127, 139 (1979) (internal citations omitted).

16.     Here, as is evident by the state court complaint and judgment attached to the Amended Complaint, the state court necessarily determined that no willful, fraudulent, or criminal conduct occurred, and awarded judgment based solely on the theory of unjust enrichment. The judge literally crossed out the findings which would form the basis of a dischargeability action. This conclusively establishes that Counts I and II are barred and should be dismissed.

**E. Count III does not state a claim pursuant to § 727(a) and should be dismissed.**

   *a. Count III does not state a claim for dischargeability pursuant to § 727(a)(3) and should be dismissed as to that subsection.*

17.     As to the objection to discharge, Plaintiff first seeks denial of discharge pursuant to § 727(a)(3). The Plaintiff fails to list a single allegation which would support that "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case" In fact, there is not even a single related fact alleged in the Amended Complaint.

5

   b. *Count III does not state a claim for dischargeability pursuant to § 727(a)(4) and should be dismissed as to that subsection.*

18. The Plaintiff next seeks denial of discharge pursuant to § 727(a)(4)(A-D). Based on the allegations, it is unclear whether Plaintiff seeks dismissal pursuant to all four subsections. This alone is enough to dismiss the count, but it appears that the Plaintiff likely seeks relief pursuant only to subsections A and D, based on the conclusions in paragraph 32 and 33. While the Defendant should not have to guess, the Amended Complaint does not even state a valid claim pursuant to either of those subsections.

19. To satisfy subsection (A), the Plaintiff must allege: (1) the Defendant made a statement under oath; (2) that was false; (3) that she knew that the statement was false when she made it; (4) that she fraudulently intended to make the statement; and (5) that the statement materially related to the bankruptcy case. 11 U.S.C. § 727(a)(4)(A); *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir.2000). The Plaintiff does not allege all the elements required, and the Amended Complaint should thus be dismissed.

20. Additionally, the allegations in paragraphs 30, 31, 32 are incredibly confusing, such that the Defendant cannot adequately respond.

21. Paragraph 30 asserts that the Debtor failed to disclose a business in which she was an officer, director, or sole proprietor, but does not allege that such a business existed. The only allegation remotely related seems to be innuendo that listing her debt to Plaintiff as "business debt," which is, indeed, consistent with many types of relationships other than that of an officer, director, or sole proprietor, somehow required a similar statement on the SOFA.

22. Paragraph 31 alleges that she intentionally omitted information regarding the business, without specifying what statements were false.

23. In paragraph 32, the Plaintiff alleges that the Defendant made a false oath in that her income was "much greater" than reported, without alleging any facts to support such a bald accusation.

24. Thus, the Amended Complaint fails to state a §727(a)(4)(A) claim.

25. Finally, the Complaint alleges no facts relevant to any claim that she "withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." Thus, the Amended Complaint fails to state a §727(a)(4)(D) claim.

26. As such, Count III should be dismissed.

## CONCLUSION

27. In conclusion, "in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Here, the Plaintiff merely states the facts of a pending state-court action, recites the text of the dischargeability statutes and claims that he is entitled to such relief. These allegations do not transform a dischargeable debt into a nondischargeable debt. Additionally, the questions of fact related to dischargeability have already been determined by the State Court, and relitigating such issues is barred by the doctrine of collateral estoppel. Finally, the Amended Complaint, just as the original Complaint, fails to allege facts which give rise to conduct for which section 727 would deny discharge.

WHEREFORE, Sol Garcia requests that the Court (i) enter an order dismissing this adversary proceeding with prejudice and (ii) grant such other relief as is appropriate..

        Respectfully submitted,

        **MARSHALL GRANT, P.L.**
        Attorneys for Defendant
        197 South Federal Highway, Suite 300
        Boca Raton, Florida  33432
        Telephone No. 561.672.7580
        Facsimile No. 561.672.7581
        Email:  lpecan@marshallgrant.com

        By:   /s/ Lawrence E. Pecan
              LAWRENCE E. PECAN
              Florida Bar No. 99086

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that this 14th day of August, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following by CM/ECF.

James R Dunn on behalf of Plaintiff Kurt Wolfsgruber	James@AttorneyJamesDunn.com

Lawrence E. Pecan on behalf of Defendant Sol Garcia	lpecan@msglaw.com

By:   /s/ Lawrence E. Pecan
         LAWRENCE E. PECAN