UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

_____

In re:                                                                          Chapter 7
SOL ANGELA GARCIA,
        Debtor.                                                   Case No. 13-14788-RBR
_____

KURT WOLFSGRUBER,
        Plaintiff,                                                  Adversary Proceeding
                                                                    No. 13-01349-RBR

    -against-

SOL ANGELA GARCIA,
        Defendant.
_____

**Kurt Wolfsgruber's Memorandum in Opposition to Defendant's Motion to Dismiss**

    Defendant Sol Garcia took advantage of her brother-in-law Kurt Wolfsgruber and stole $82,618.00. Although pleonastic to explain, she tricked Mr. Wolfsgruber using a sophisticated scheme by representing that she would transfer $170,000.00 USD into Venezuelan Bolevars and make the money available in Venezuela for Mr. Wolfsgruber's wife (Debtor's sister), and, Mr. Wolfsgruber's father and mother-in-law (Debtor's father and mother). Ms. Garcia was assisting with the purchase of a house in Venezuela and the monies were to be forwarded for the purchase of the house in which the family was to live. When Mr. Wolfsgruber finally realized that almost half of the money was missing, Ms. Garcia had spent that money for her own benefit.

    Mr. Wolfsgruber filed a state court action and obtained a judgment for $82,618.00, at trial in January of this year. Ms. Garcia responded on March 1 of this year by filing a Chapter 7 petition on the eve of a state court discovery deadline, and now

comes to Bankruptcy court mascaraing herself as being entitled to a discharge of the State court judgment for $82,618.00, plus a mere $32,536 in other unsecured debt. She comes to this court, claiming in Schedule F that her debt to Mr. Wolfsgruber is "Business Debt" claiming that she is entitled to res judicata, and otherwise claiming the elements have not been pled properly in the Amended Complaint.

The purpose of a Bankruptcy is to provide a fresh start for "honest but unfortunate debtors," *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934), and not an unfair advantage. *Perez v. Campbell*, 402 US 637 (1971). A discharge of this judgment held by Mr. Wolfsgruber, and a discharge generally will permit Sol Garcia to enjoy the fruits of her dishonest scheme. The Amended Complaint states a claim for relief, and as a result, this motion to dismiss should be denied.

### Under Section 727 Debtor should not be entitled to a discharge

Debtor transferred $82,618.00 of Plaintiff's assets to her own accounts and spent them for her own personal expenses in violation of her fiduciary duty to Mr. Wolfsgruber and her own family. Defendant now claims, in her bankruptcy petition, that she was somehow involved in a business with Mr. Wolfsgruber, and as such her "business debt" should be discharged. However, Defendant cannot produce any corporate records or business records created related to the money Mr. Wolfsgruber entrusted with Ms. Garcia. The reason why there were no records created, why her tax records as produced fail to reflect any expenses, profits, or other trappings of a business relationship with Mr. Wolfsgruber is because other than being entrusted to forward the funds to Venezuelan Bolivars, Ms. Garcia had no business with Mr. Wolfsgruber.

2

During extensive discovery conducted during a state court action on this issue, as well as during Ms. Garcia's heavily litigated divorce, the records produced regarding Ms. Garcia's business activities made no reference to, and did not account for monies from Mr. Wolfsgruber being used for any business purpose.

Under Florida Statute 865.09, "Business" means any enterprise or venture in which a person sells, buys, exchanges, barters, deals, or represents the dealing in any thing or article of value, or renders services for compensation. While Mr. Wolfsgruber is certainly not claiming that every domestic business, partnership, joint venture, or other form of business entity must be registered with the State of Florida, the type of relationship Mr. Wolfsgruber had with Ms. Garcia was that of trusting his sister-in-law to forward funds to Venezuela, and not conduct business for profit.

Under Section 727, debtor fails to disclose she participated in any business, held any positions as a partner or officer of any corporation, and simultaneously attempts to characterize the debt owed to Mr. Wolfsgruber as "business" related. The purpose of this Schedule F trickery is to obfuscate an inquiry into the debt owed to Mr. Wolfsgruber. Other than agreeing to hold the funds for Mr. Wolfsgruber and transfer them to Venezuelan Bolevars, Ms. Garcia was not involved in any business with Mr. Wolfsgruber. As the complaint alleges, her tax returns and the petition fail to account for an alternate theory to the relationship with Mr. Wolfsgruber or the whereabouts of the money with which she was entrusted, and as a result, Mr. Wolfsgruber has stated a cause of action exempting Sol Garica from being entitled to a discharge.

**Collateral estoppel does not apply in this case.**

"While collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *McDowell v. Stein* 415 B.R. 584, 591 (S.D. Fla. 2009), (*citing St. Laurent v. Ambrose*). , 991 F.2d 672, 676 (11th Cir. Fla. 1993). In Florida, the requirements for collateral estoppel are: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *See, Ambrose.*

The complaint in the state court action did not allege breach of a fiduciary duty, but rather, alleged civil theft and unjust enrichment. While the State court judge found unjust enrichment was applicable, the State court judge found that Mr. Wolfsgruber had not met the clear and convincing evidence standard required to award attorneys fees and treble damages under the civil theft statute.

Debtor cannot now use the sword of civil theft as a shield in the instant proceeding. The standards of proof and the elements are different, and Mr. Wolfsgruber is only required to prove his claims by a preponderance of the evidence. As a result, Debtor should not be entitled to dismissal of any of the claims alleged as a result of collateral estoppel.

**Sol Garcia's Theft Was Malicious under Section 523(a)(6)**

Sol Garcia Stole $82,618.00 willfully and maliciously. Her actions as alleged meet the elements because they were (i) deliberate and intentional, (ii) caused injury to person or property, and (iii) were done willfully and maliciously. *In re Howard,* 261 BR 513, 520 (Bankr. M.D. Fla. 2001). "An injury is willful when the debtor commits an intentional act for the purpose of causing injury or which is substantially certain to cause injury." *See, Hope v. Walker,* 48 F.3d 1161, 1165 (11th Cir. 1995). Defendant's actions in stealing the money were done without Mr. Wolfsgruber's knowledge or consent. Mr. Wolfsgruber and his mother-in-law (who is also Defendant's own mother) and family were injured when Mr. Wolfsgruber was unable to use the money in Venezuela for the care and support of his mother-in-law.

Federal law, not state law, applies when determining whether an act was malicious to support a finding that a debt is non-dischargable pursuant to 11 U.S.C. § 523(a)(6). *In re Guerro,* 10-1056BKC-ACJ-A (S.D.Fla 2011), *citing, In re Groshans,* 114 B.R. 258 (D. Colo. 1990). This case is similar to *Bar-Am v. Grosman*, 2007 WL 1526701 (Bankr. M.D. Fla. May 22, 2007) when the court found a willful and malicious act after a debtor transferred and converted a creditor's monies even when a debtor may have had a claim against such monies for an alleged but unproven loan.

Fraudulent intent for purposes of Section 523(a)(6) may be "inferred from the totality of the circumstances and the conduct of the person accused." *In re Magpuaso* 265 B.R. 492, 498 (Bkrtcy.M.D.Fla., 2001), *citing, generally, Computer Prod. v. Nahabedian,* 87 B.R. 214, 215 (Bkrtcy.S.D.Fla. 1988). While debtor claims a greater level of protection, a willful and malicious action may be found even when the actor only

benefited and did not perpetuate the action, as in the case of a husband who may be found to have acted fraudulently or benefited from a wife's fraudulent activities so as to exempt a discharge even when money appears in a joint bank account that husband holds with his wife without the husband's willful actions or intent. *Magpuaso at Id.* In this case the $82,618.00, simply did not appear or disappear, it was deliberately taken by Ms. Garcia, and by analogy, Mr. Wolfsgruber has stated a cause of action exempting Sol Garica from being entitled to a discharge of this debt under Section 523(a)(6).

### Sol Angela Garcia's Debt to Mr. Wolfsgruber is the result of Fraud/Defalcation

The Bankruptcy Code 11 USC §523(a)(4) does not discharge an individual debtor from any debt concerning fraud or defalcation while acting in a fiduciary capacity. Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Defendant's motion to dismiss alleges that the judgment from the state court litigation somehow establishes that fraud or defalcation while acting in a fiduciary capacity has already been litigated. The state court judgment arose from a complaint that did not address fraud, defalcation, embezzlement, or other similar causes of action with similar elements. While the Defendant asserts she was not acting within a fiduciary capacity when the subject transfer was made, amongst other defenses, the issue of whether as a matter of law her actions were litigated and now estopped cannot be answered in the affirmative.

"Fiduciary relationship" under section 523(a)(4) includes relationships involving an express or technical trust. *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir.1993); *In re Regan*, 477 F.3d 1209, 1211 (10th Cir. 2007). *In re McDowell*, 415 B.R. at 594. An express or technical trust exists when there is: (1) a segregated trust res; (2) an

identifiable beneficiary; and (3) affirmative trust duties established by contract or by statute. *In re Grosman*, at 16. *In re Magpuaso* 265 B.R. 492, 497 (Bkrtcy. M.D.Fla. 2001). Here (1) the money is identifiable ($170,000), (2) the beneficiaries are identifiable (Mr. Wolfsgruber's family in Venezuela), and (3) the duties are established by agreement (contained in volumes of emails and orally made between the parties). As a result, Ms. Garcia's debt to Mr. Wolfsgruber states a cause of action and this Motion to Dismiss should be denied.

WHEREFORE, Kurt Wolfsgruber requests this Honorable Court enter an Order Denying Defendant's motion to dismiss and requiring an Answer be filed within a reasonable time.

I hereby certify I uploaded this document for service upon opposing counsel Lawrence Pecan via the CM/ECF website for the Clerk of Court for the United States Bankruptcy Court Southern District of Florida.

Dated: September 7, 2013

        James R. Dunn
        Attorney for Kurt Wolfsgruber
        200 SE 6th Street, Suite 402
        Fort Lauderdale, FL 33301
        Telephone: 305.741.3866
        eFax: 916.252.3866
        James@AttorneyJamesDunn.Com
        By:____/s/_____
        James R. Dunn
        FBN 40950